ARIZONA CAPITAL REPRESENTATION PROJECT
101 East Pennington Street, Suite 201
Tucson, Arizona 85701
Telephone: (520) 229-8550
SAM KOOISTRA ASB NO 032776
SAM@AZCAPITALPROJECT.ORG

JACKSON & ODEN, P.C.
3573 East Sunrise Drive, Suite 125
Tucson, Arizona 85718
Telephone: (520) 884-0024
Fax: (520) 884-0025
TODD JACKSON ASB NO. 012202
TJACKSON@JACKSONODENLAW.COM

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SCOTT DOUGLAS NORDSTROM,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES RYAN, DIRECTOR, ARIZONA DEPARTMENT OF CORRECTION; JAMES O'NEIL, WARDEN, ASPC EYMAN; STACI FAY, DEPUTY WARDEN, BROWNING UNIT,<br><br>Defendants. | No. CV-15-02176-PHX-DGC (JZB)<br><br>**STIPULATION AND NOTICE OF SETTLEMENT** |

Plaintiff and Defendants, by and through counsel, submit the following stipulation and notice to the Court of settlement. The following stipulation sets forth the essential terms of the settlement, and shall be binding and enforceable on the parties. As more fully set forth below, the settlement contemplates and requires implementation through a formal amendment to Arizona Department of Corrections Order 801 ("D.O. 801") and Director's Instruction 326 ("D.I. 326"), to be completed within 120 days, and the parties have agreed that the Court shall

retain jurisdiction to enforce this stipulation of settlement, pending finalization of such amendments and submission of a final order of dismissal to the Court.

The terms of the parties' settlement are as follows:

1. D.I. 326 and D.O. 801 shall be modified to eliminate the existing permanent classification of inmates with a death sentence to maximum custody units, and to permit death row inmates to seek and obtain re-classification to close custody status based on the criteria currently available to non-death sentenced maximum custody inmates.

2. Death sentenced inmates who are re-classified to close custody status may be housed as a group, rather than with non-death sentenced inmates, provided, however, that nothing herein shall alter existing protocols and procedures relating to protective custody assignments.

3. The conditions and restrictions of confinement, and quality of facilities, utilized for close custody housing for death sentenced inmates shall be equivalent to that of existing close custody housing facilities used for non-death sentenced inmates. Further, the facilities housing close custody death sentenced inmates shall provide adequate space for confidential communication with legal counsel. Any additional policies or regulations not otherwise specified herein shall be amended as necessary to implement these conditions.

4. D.O. 910 shall be amended to exempt death sentenced inmates classified as close custody from participation in the functional literacy program.

5. The amendments to D.I. 326, D.O. 801, and D.O. 910 contemplated herein shall be completed and implemented within one hundred twenty (120) days.

6. Plaintiff's current disciplinary record meets the criteria for reclassification to close custody and he shall be reclassified to such status and transferred to such housing upon adoption of the above referenced amendments, and within one hundred twenty (120) days of this stipulation. Nothing in this stipulation shall be interpreted to require Plaintiff to remain classified as a close custody inmate if he no longer meets the requirements for close custody classification.

7. This stipulation establishes a binding settlement that may be specifically enforced by the parties through injunctive or other appropriate equitable relief, and resolves Plaintiff's claims regarding his existing conditions of confinement as set forth in the complaint. Nothing herein shall be construed as a future waiver of rights regarding the adequacy of conditions at the facility(ies) to which Plaintiff is transferred and housed in the future.

8. The existing scheduling order deadlines established in the matter shall be vacated, and the Court shall set a status conference in approximately one hundred fifty (150) days at which conference the parties shall report to the Court on the status and implementation of the amendments and terms described above, and whether this matter may be dismissed or further enforcement of this settlement is required.

9. The parties reserve their respective rights and positions with respect to attorneys' fees and costs, which issue shall be separately negotiated and, if no agreement is reached, submitted for resolution by the Court.

RESPECTFULLY SUBMITTED this  3rd  day of ~~February~~ March, 2017.

ARIZONA CAPITAL REPRESENTATION PROJECT

By: _____
Sam Kooistra

JACKSON & ODEN, P.C.

By: _____
Todd Jackson
*Attorneys for Plaintiff*

Michael Gottfried
Assistant Attorney General

By: _____
Michael E. Gottfried
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on ~~February~~ March 3, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System.

I hereby further certify that on the same date, I served the attached document and Notice of Electronic Filing by mail on the following, who is not a registered participant of the CM/ECF System:

Samuel Kooistra
ARIZONA CAPITAL REPRESENTATION PROJECT
101 East Pennington Street, Suite 201
Tucson, Arizona 85701
sam@azcapitalproject.org
*Attorney for Plaintiff*

Michael Gottfried, Assistant Attorney General
Neil Singh, Assistant Attorney General
1275 West Washington Street
Phoenix, Arizona 85007
Michael.gottfried@azag.gov

/s/ A. Nielson
Alyssia Nielson