**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Douglas Nordstrom, | CV15-02176-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L. Ryan, Director of the Arizona Department of Corrections; James O'Neil Warden, ASPC Eyman; and Staci Fay, Deputy Warden, Browning Unit, | |
| Defendants. | |

Before the Court is death-sentenced inmate Ruben Garza Jr.'s motion to reconsider the Court's ruling on his third-party motion to enforce a settlement agreement between Plaintiff Scott Nordstrom and Defendants Arizona Department of Corrections ("ADOC") and others. Doc. 111. For the reasons that follow, the Court will deny the motion.

**I.     Background.**

In October 2015, Plaintiff Nordstrom, a death-sentenced inmate in state custody, brought an action against Defendants for violations of the Eighth and Fourteenth Amendments related to death row conditions. Doc. 1. Having already planned to make death row inmates eligible for reclassification to close-custody housing, ADOC settled with Plaintiff on March 3, 2017 ("the Settlement"). Doc. 39. Based on this settlement, the Court dismissed Mr. Nordstrom's action, incorporated the Settlement terms in its order, and retained jurisdiction to enforce the agreement. Doc. 45.

In 2019, seven death-sentenced inmates, including Mr. Garza, filed motions to enforce the Settlement, asserting standing as third-party beneficiaries under Rule 71. Docs. 71, 75, 76, 80, 81, 85, 86. In a May 15, 2019 order, the Court found that the seven inmates lacked standing because they were not recognized as the Settlement's primary parties in interest and were not privy to the promise of the Settlement. Doc. 110.

## II. Legal Standard.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

## III. Discussion.

Garza asserts that the Settlement affected all death row inmates, not just Mr. Nordstrom and created a vehicle for all death-sentenced inmates to be reclassified to close custody. Doc. 111 at 6. Mr. Garza seems to argue that because all death-sentenced inmates benefitted from the Settlement, they should all have standing to enforce it. *Id.* at 7. He further argues that because the Settlement mentions all death-sentenced inmates as a group, they were the intended third-party beneficiaries. *Id.*

Mr. Garza's arguments are all addressed by the Court's previous order. While the Settlement mentions all death-sentenced inmates as a group, the underlying case was only between Mr. Nordstrom and Defendants. As stressed in the previous order, Mr. Nordstrom never took steps to represent interests other than his own, and the Settlement was the result of an agreement between Mr. Nordstrom and ADOC only. Further, under Arizona law it

is not enough that the inmates are affected by the Settlement or that it operates to their benefit. *See Sherman v. First Am. Title Ins.*, 38 P.3d 1229, 1232 (Ariz. Ct. App. 2002). The death-sentenced inmates must be the intended, primary parties in interest, which they were not. *Basurto v. Utah Const. & Mining Co.*, 485 P.2d 859, 863 (Ariz. Ct. App. 1971).

Garza also argues that if the death-sentenced inmates do not have standing to enforce the Settlement, then Plaintiff Nordstrom would not have had standing to originally assert his claims. This clearly is incorrect. To assert standing in the underlying suit, Mr. Nordstrom needed to show that he suffered an injury and the injury could be redressed by the Court's favorable opinion. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). As a party to the underlying suit and the Settlement, Mr. Nordstrom's continues to have standing to enforce the Settlement. Doc. 72 at 4-5. But as nonparties, Garza and the other death-sentenced inmates need third-party beneficiary status to have standing to enforce the Settlement. *Sherman*, P.3d at 1232. As discussed in the Court's previous order, they do not.

Garza also does not address the Court's alternative ground for dismissing the death-sentenced inmates' motions – that none of the inmates asserted claims are covered by the terms of the Settlement. Doc. 110 at 6-8. Specifically for Mr. Garza, the Court found that the Settlement does not address disciplinary procedures for death-sentenced inmates following reclassification. *Id.* at 7. Thus, even if the Court agreed that the inmates have standing, the May 2019 order would not change.

**IT IS ORDERED** that Mr. Garza's motion to reconsider (Doc. 111) is **denied**.

Dated this 30th day of May, 2019.

David G. Campbell
Senior United States District Judge